IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN MASSIE, SHIRLEY SOWELL, DALE PEOPLES, )
ZETTA BRANDON, ALINE REID, YOGONDA ALICE, )
YEVORN GASKINS, and LOUISE BRANDON, )
                                               )
          Plaintiffs, )
                                               )
   -vs- )
                                             Civil Action No. 06-1004
                                               )
U.S. DEPARTMENT OF HOUSING and URBAN )
DEVELOPMENT and ALPHOSO JACKSON, )
                                               )
                                               )
         Defendants. )

AMBROSE, Chief District Judge.

## OPINION

## and

## ORDER OF COURT

### SYNOPSIS

Defendants, United States Department of Housing and Urban Development and its Secretary, Alphonso Jackson (hereinafter "HUD"), filed a Motion to Dismiss pursuant to Rule 12(b)(1) asserting that this court lacks jurisdiction and Rule 12(b)(6) asserting that Plaintiffs' claims lack merit.  (Docket No. 13).  In addition, HUD filed a separate Motion to Dismiss pursuant to Rule 12(h)(3)[1] based on a lack of subject

---

[1] Rule 12(h)(3) provides, in pertinent part, as follows:

h) Waiver or Preservation of Certain Defenses.

             *         *         *

(3)      Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

matter jurisdiction under Article III.  (Docket No. 24).  Plaintiffs, Jean Massie, Shirley Sowell, Dale Peoples, Aline Reid, Yugonda Alice, Louise Brandon, and Yevorn Gaskin, filed responses thereto.[2]  (Docket Nos. 22 and 31).  After careful review of the parties submissions and based on the reasons set forth below, the Motion to Dismiss at Docket No. 13 is granted and the Motion to Dismiss at Docket No. 24 is denied.

## I. **BACKGROUND**

During the time in question, HUD held three defaulted mortgages on a multi-family property that is owned by a cooperative incorporated as Third East Hills Park, Inc. (TEHP").  Plaintiffs are seven shareholders in the cooperative.  HUD initiated foreclosure proceedings.    Plaintiffs filed a Complaint in this court seeking declaratory and injunctive relief.  There are seventeen counts in the Complaint all alleging that HUD violated various statutes and breached its contracts in its efforts to foreclose on the multi-family property.[3]  (Docket No. 1).   HUD filed a Motion to Dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (Docket No. 13).  HUD also filed a separate Motion to Dismiss pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction under Article III.  (Docket No. 24).  Plaintiffs responded thereto.  (Docket Nos. 22 and 31).  The issues are now ripe for review.

---

F.R.C.P. 12(h)(3).

[2]Third East Hills Park, Inc. ("TEHP") was named as a Plaintiff in the Complaint, as well.  I dismissed TEHP as a party at the preliminary injunction hearing since Plaintiffs failed to present  evidence that it had authorization from TEHP to proceed with the lawsuit.

[3]Counts I-III allege violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§2604, 3608, and 3617.  (Docket No. 1, ¶143).  Count IV alleges a violation of 109 P.L. 115  §311.  *Id.*  Counts V - XV allege violations of the Uniform Relocation Assistance and Real Property Acquisition Policies  Act of 1970 ("Relocation Act"), 42 U.S.C. §§4601, *et seq*. *Id.*  Count XVI alleges a violation of the due process clause.  *Id.*  Count XVII alleges a common law breach of contract. *Id.*

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(h)(3) of the Federal Rules of Civil Procedure challenges the court's jurisdiction over the subject matter.  Fed. R. Civ. P. 12(h)(3).  Likewise, a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's suit.  Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) attack may argue that the plaintiff's federal claim is immaterial and made solely for the purpose of obtaining federal jurisdiction, is insubstantial and frivolous (collectively referred to a "facial attacks") or, alternatively, the attack may be directed at "the existence of subject matter jurisdiction in fact (referred to as a "factual attack")."  *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).   Since HUD's Motion is supported by sworn statements of fact, it is a factual, rather than a facial, attack on the court's subject matter jurisdiction.  *International Assoc. of Machinists & Aerospace Workers v. Northwest Airlines, Inc.,* 673 F.2d 700, 711 (3d Cir. 1982).  As such, this Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891.  Thus, no presumption of truthfulness attaches to the allegations in Plaintiffs' Complaint (in contrast to the presumption applied under a Rule 12(b)(6) motion or a Rule 12(b)(1) facial attack).  *Mortensen*, 549 F.2d at 891.  Plaintiffs bear the burden of persuading the court that it has jurisdiction as compared to the burden of Defendants under a Rule 12(b)(6) motion of convincing the court that Plaintiffs have failed to state a claim.  *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), *cert. denied*, 501 U.S.

1222 (1991).  If I determine that this Court does not have subject matter jurisdiction over the case, I must dismiss the action.  *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).

### III.  <u>MOTION TO DISMISS PURSUANT TO RULE 12(h)(3)  -  Docket No. 24</u>

HUD requests that this Court consider its second Motion to Dismiss (Docket No. 24) first  since jurisdiction is a threshold matter.  (Docket No. 25, pp. 6-7).  I will do so.

The thrust of HUD's argument is that since the foreclosure sale has been completed,[4] Plaintiffs no longer have standing to sue such that this Court is deprived of its jurisdictional Article III power because there is no longer a case or controversy. *Id.*  All parties agree that under Article III of the United States Constitution, federal courts are limited to adjudicating over actual ongoing cases or controversies. (Docket No. 25, p. 6 and Docket No. 31, p. 6).  Generally, to establish Article III standing, a plaintiff must demonstrate the following:

> 1)  An "injury in fact" which is:
>
>> a)  concrete and particularized, and
>>
>> b)   actual or imminent, not conjectural or hypothetical;
>
> 2)  A causal connection that is "fairly traceable" between the injury and the conduct of the defendants; and
>
> 3)  A "likelihood," as opposed to mere "speculation," that
>
> the injury will be "redressed by a favorable decision."

---

[4]According to HUD, the foreclosure sale eventually took place on October 26, 2006.  (Docket No. 25, p. 1).  Plaintiffs, in essence, have admitted that the foreclosure sale and conveyance occurred. (Docket No. 31, p. 7).

4

*Lujan v. Defenders of Wildlife,* 504 U.S. 560-61 (1992);*The Pitt News v. Fisher*, 215 F.3d 354, 359 (3d Cir. 2000).  Standing must exist at all times throughout the course of the litigation.  *Leuthner v. Blue Cross and Blue Shield of Northeastern Pennsylvania*, 454 F.3d 120 (3d Cir. 2006).  HUD asserts that Plaintiffs cannot prove the first and third elements.  (Docket No. 25, pp. 7-11).

**A.  Injury in Fact**

HUD argues that as a result of the foreclosure sale, the case is now moot because the Plaintiffs no longer face a threat of imminent injury.  (Docket No. 25, p. 7).  In support of this proposition, HUD focuses on the injuries alleged by Plaintiffs in their Emergency Complaint.  *Id.* pp. 7-9.  HUD suggests that because the foreclosure and resale occurred, Plaintiffs no longer face the threat of injury, because the anticipated injury already occurred.  *Id.* at 8.  I disagree.  The fact that the injury may have already occurred, does not mean that Plaintiffs do not have standing.  Rather, they are seeking relief for an alleged injury that was about to happen and then did happen, which meets the definition of injury in fact as stated above.  Thus, I find that there is an injury in fact.

**B.  Redress**

HUD's next argument is that Plaintiffs no longer have a legally cognizable interest in the permanent injunctive relief requested in the Complaint.  (Docket No. 25, pp. 9-11).  In support of this position, HUD suggests that the "foreclosure and resale of the property completely eliminated the availability of the injunctive relief requested in their complaint."  (Docket No. 25, p. 10).  In response, Plaintiff cites to

Rule 54(c) of the Federal Rules of Civil Procedure which provides, in pertinent part, as follows: "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."  Based on Rule 54(c), I agree with Plaintiffs that the redress available to them is not confined only to that which was pled in the Complaint. Furthermore, I believe there are other remedies, that if successful, could redress Plaintiffs for their alleged injuries.  *See,* Docket No. 31, p. 15.  Simply because the foreclosure and resale has occurred does not mean that there is no remedy available.  *See, Muckleshoot Indian Tribe v. U.S. Forest Serv.,* 177 F.3d 800, 815 (9th Cir.1999) ("Conveyance of property to another does not moot a case.").  Thus, I find that Plaintiffs do have standing.

Consequently, Defendants' Motion to Dismiss pursuant to Rule 12(h)(3) (Docket No. 24) is denied.

### IV.  MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) - Docket No. 13

In the Motion to Dismiss pursuant to Rule 12(b)(1), HUD  argues that Plaintiffs' claims under the FHA, the Relocation Act, the due process clause stemming from a violation of Multifamily Mortgage Foreclosure Act and its regulations, and common laws should be dismissed because there is no applicable wavier of sovereign immunity. (Docket No. 14, p. 10).  Plaintiffs assert that the Administrative Procedures Act ("APA"), 5 U.S.C. §701, *et seq,* is an express waiver of HUD's sovereign immunity.

(Docket No. 22, p. 4).[5]  The APA waives sovereign immunity in certain circumstances.

5 U.S.C. §702.  Section 702 of the APA provides, in pertinent part, as follows:

> An action in a court of the United States seeking relief
> other than money damages and stating a claim that an
> agency or an officer or employee thereof acted or failed
> to act in an official capacity or under color of legal
> authority shall not be dismissed nor relief therein be
> denied on the ground that it is against the United States
> or that the United States is an indispensable party.

Thus, agency actions are reviewable, except in two circumstances: 1) statutes

preclude judicial review; or (2) agency action is committed to agency discretion by

law.  5 U.S.C. §702(a).

HUD argues that Plaintiffs' claims under the FHA, the Relocation Act, the due

process clause stemming from a violation of Multifamily Mortgage Foreclosure Act

and its regulations, and common law are precluded from review under the second

exception, because Congress expressly gave HUD the "flexible authority" to decide

how to dispense of multifamily mortgages such those at issue here.  (Docket No. 14,

p. 12).  In support of this position, HUD directs this Court's attention to §204 of the

Department of Veterans Affairs and Housing and Urban Development, and

Independent Agencies Appropriation Act ("flexible authority" statute). 12 U.S.C.

---

[5]Plaintiffs also assert in one sentence that §1702 of the National Housing Act ("NHA") explicitly waives HUD's sovereign immunity.  (Docket No. 22, p. 5).  In the absence of any substantive or meaningful analysis of the same, I find this assertion to be undeveloped and wholly inadequate.  *See, Pennsylvania v. U.S. Dept. of Heath & Human Serv.,* 101 F.3d 939, 945 (3d Cir. 1996)(stating that conclusory assertions, unaccompanied by a substantial argument, will not suffice to bring an issue before the court).  Notwithstanding, I find this conclusory statement to be of no moment because Plaintiffs have not alleged jurisdiction pursuant to the National Housing Act in their Complaint.  *See,* Complaint (Docket No. 1). In addition, the claims alleged in the Complaint do not challenge the implementation of the certain provisions of the NHA.  *Id.*  Consequently, I find no merit to Plaintiff's conclusory statement.

§1715z-11a.  This section provides, in pertinent part, as follows:

**Disposition of HUD-owned properties**

(a)   Flexible authority for multifamily projects

During fiscal year 1997 and fiscal years thereafter, the Secretary may manage and dispose of multifamily properties owned by the Secretary, including, for fiscal years 1997, 1998, 1999, 2000, and thereafter, the provision of grants and loans from the General Insurance Fund (12 U.S.C. 1735c) for the necessary costs of rehabilitation, demolition, or construction on the properties (which shall be eligible whether vacant or occupied), and multifamily mortgages held by the Secretary on such terms and conditions as the Secretary may determine, *notwithstanding any other provision of law*.

12 U.S.C. §1715z-11a (emphasis added).  HUD argues the last clause of the statute, "notwithstanding any other provision of law," mandates that it overrides all other earlier statutes and regulations.  (Docket No. 14, p. 12).  HUD further argues that the flexible authority statute commits the decision on the disposition of multifamily mortgages at issue herein to the discretion of the Secretary such that they are not reviewable under the APA.  (Docket No. 14, p. 12).  I agree.

The "notwithstanding any other provision of law" language is a clear intent by Congress to preempt all other statutes and regulations.  *See, Mays v. Cuomo,* No. C-01-96-929, at 9 (S.D. Ohio May 21, 1998)("by the language used in [the flexible authority statute], Congress clearly illustrated its intent that [the flexible authority statute] preempt other statutes and regulations...."); *Chicago Acorn v. U.S. Dept. of Housing*

*and Urban Development,* No. 05 C 3049 (N.D. Ill. October 5, 2005); *Orelski v. Pearson,* 337 F.Supp.2d 695, 703 (W.D. Pa. 2004) ("When Congress states that a law will apply notwithstanding any provision of law, the court must assume that Congress means what it says-namely, that the law applies even when it would violate otherwise applicable statutes."). The statutory language "notwithstanding any other provision of law" could not be a clearer statement by Congress. *New Jersey Air Nat'l Guard v. Fed. Labor Rel. Auth.,* 67 F.2d 276, 283 (3d Cir. 1982), *cert. denied,* 459 U.S. 988 (1982). Thus, the flexible authority statute must be read to override any conflicting provision of law in existence at the time that the flexible authority statute was enacted. *Id.*

The flexible authority statute does not provide any guidance on how to review decisions made by the Secretary pursuant to it. 12 U.S.C. §1715z-11a. As set forth above, §702(a)(2) of the APA precludes judicial review when a "statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney,* 470 U.S. 821, 830 (1985). Under the flexible authority statute, there is no meaningful way for this court to evaluate HUD's decision regarding TEHP. *See, Chicago Acorn,* at 14; *see also, Mays,* at 11. Consequently, I find that this Court lacks jurisdiction to review Plaintiffs' claims brought pursuant to the Fair Housing Act, the Relocation Act, Plaintiffs' due process claim stemming from the Multifamily Mortgage Foreclosure Act and its regulations, and Plaintiffs' breach of contract claim.

In opposition, Plaintiffs attempt to argue that the flexible authority statutes,

12 U.S.C. §1715z-11a(a) do not apply to this case because HUD elected to pursue foreclosure and negotiated the sale of the property under the requirements of 12 U.S.C. §1701z-11.  (Docket No. 22, pp. 10-12).  Plaintiffs  rely on a letter that HUD sent to the Mayor notifying him of the foreclosure.  (Docket No. 22, Ex. A).  Contrary to Plaintiffs' statement, the letter does not state that HUD was "electing" or "announcing" to follow the policies of §1701z-11, as opposed to 1715z-11a(a).  *Id.* Thus, I find that reliance on this letter, alone, does not persuade me that HUD was proceeding under §1701z-11.

Plaintiffs next argue that even if HUD was proceeding under the flexible authority statute 12 U.S.C. §1715z-11a(a), HUD was still required to comply with its own regulations.  (Docket No. 22, pp. 12-14).  I disagree.  A plain reading of the "notwithstanding any provision of law" means just that. *Mays*, at 9 ("by the language used in [the flexible authority statute], Congress clearly illustrated its intent that [the flexible authority statute] preempt other statutes and regulations...."); *Chicago Acorn ,supra; Orelski , supra; New Jersey Air Nat'l Guard, supra.*  Since this Court cannot ignore this language set forth in §1715z-11a(a), Plaintiffs' argument in this regard must fail.

Plaintiffs then argue that even if §1715z-11a(a) is applicable to this case, it does not grant HUD the discretion to violate contract provisions of the Housing Assistance Payments contract. (Docket No. 22, pp. 14-15).  Other than to state how they believe the contract was breached, Plaintiff, in opposition, does not cite to any authority to support this proposition.  (Docket No. 22, pp. 14-15).  Thus, I find that Plaintiffs

have failed to meet their burden.  Therefore, for the reasons stated above, Plaintiffs' argument in this regard fails.[6]

Plaintiffs' final argument in opposition to Defendants 12(b)(1) argument is that "even if §1715z-11a(a) were otherwise applicable, this provision of law does not grant HUD the discretion to violation applicable constitutional provisions" namely the due process clause.  (Docket No. 22, pp. 15-17).  Specifically, Plaintiffs argue that because they were not afforded the opportunity at the foreclosure hearing to provide factual objections to the foreclosure, their due process rights were violated.  *Id.*  To that end, Plaintiffs argue that their right to the same stems from the Foreclosure Act, 12 U.S.C. §3701-3717, and a regulation implementing the same, 24 C.F.R. 27.5.  (Docket No. 22, p. 16).  In response, Defendants argue that §1715z-11a(a)'s "notwithstanding any other provision of law" clause applies to the Foreclosure Act and its implementing regulations such that the APA waiver does not apply to Plaintiffs' due process claim.  (Docket No. 30, pp. 9-10).  For the reasons set forth above, I agree with Defendants.  As a result, Plaintiffs' argument in this regard fails as well.

Consequently, I find that Plaintiffs have failed to meet their burden of persuading this Court that it has jurisdiction over the case, excepting Plaintiffs' claim for a violation of 109 P.L. 115 §311 (Count IV).  Therefore, Defendants' Motion to

---

[6]In addition, I note that the APA does not waive sovereign immunity for contractually based claims for equitable relief like the injunctive and declaratory relief sought in this case.  *North Star Alaska v. U.S.,* 14 F.3d 36, 38 (9th Cir. 1994); *Teitelbaum v. HUD*, 953 F.Supp. 326, 328-30 (D. Nev. 1996); *Morial v. HUD,* 2002 WL 506809 (E.D. La. March 28, 2002).  Consequently, this Court has no jurisdiction to rule upon Plaintiffs's breach of contract claim (Count XVII).

Dismiss pursuant to Rule 12(b)(1) (Docket No. 13) is granted as to all claims except for Count IV.[7]

## V. <u>MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) - Docket No. 13</u>

Remaining is Count IV of Plaintiffs' Complaint which alleges a cause of action for violating 109 P.L. 115 §311.  On November 30, 2005, Congress enacted legislation appropriating funds to HUD for 2006 fiscal year.  119 Stat 2396, 109 P.L. 115 §311. Section 311 provides, in pertinent part, as follows:

> Notwithstanding any other provision of law, in fiscal year 2006, in managing and disposing of *any multifamily property that is owned or held* by the Secretary of Housing and Urban Development, the Secretary shall maintain any rental assistance payments under section 8 of the United States Housing Act of 1937 that are *attached to any dwelling units in the property*....

119 Stat 2396, 109 P.L. 115 §311.  Plaintiffs argue that Count IV should survive because §1715z-11a(a) has been superseded by "109 P.L. 115 §311, with respect to any discretion HUD may otherwise have had to refuse to require the continuation of project based rental assistance to TEHP following the sale of the property." (Docket No. 22, pp. 17-18).

Defendants moved to dismiss this count for failure to state a claim for two reasons: 1) §311 applies to the disposition by HUD of multifamily property that is

---

[7]In the alternative, Defendants Motion (Docket No. 13) seeks a dismissal of Plaintiffs' Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Since I have granted Defendants' Motion to Dismiss based on lack of jurisdiction as to all claims except Count IV (Plaintiffs' claim for violation of 109 P.L. 115 §311), I do not reach the merits of those arguments. Consequently, Defendants' Motion to Dismiss based or Rule 12(b)(6) is denied as moot as to all claims thereunder except as to Count VI.

"owned or held" by HUD, and thus, does not apply to the disposition of HUD held multifamily mortgages; and 2) it is impossible to maintain Section 8 rental assistance payments "attached to dwelling units in the property" because no rental assistance payments have been attached to the units for almost two years.  (Docket No. 14, p. 17).  Plaintiffs' only opposition to Defendants' first argument comes in one sentence which states that they have alleged that HUD held the property as mortgagee in possession.  (Docket No. 22, p. 18). Presumably, then, HUD would fall within the definition of "owned or held."   A review of the Complaint reveals, however, that Plaintiffs did not allege that HUD was a mortgagee in possession, but rather that HUD could have, and should have, taken over the property as mortgagee in possession. *See,* Complaint, ¶122.  Thus, according to the Complaint, HUD was not a mortgagee in possession.  Therefore, I agree with Defendants that §311 does not apply because HUD did not own or hold the property at issue.  Accordingly, I find that Plaintiffs have failed to state a claim for a violation of §311.

Consequently, I find that Defendants Motion to Dismiss pursuant to Rule 12(b)(6) (Docket No. 13) is granted as to Count IV of Plaintiffs' Complaint.

<u>ORDER OF COURT</u>

AND now, this **19th** day of January, 2007, after consideration of Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) it is Ordered that (Docket No. 24), said Motion (Docket No. 24) is denied.

It is further ordered that after consideration of Defendants' Motion to Dismiss

for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), said Motion (Docket No. 13) is granted such that all claims, except Count IV, are dismissed.  Defendants' Motion to Dismiss based on Rule 12(b)(6) is denied as moot as to all claims except Count IV.   Defendants' Motion to Dismiss as to Count IV is granted.  Therefore, it is ordered that Plaintiff's Complaint is dismissed in its entirety.

The Conference set for January 30, 2007, at 2:45 p.m.  is cancelled and the case will be marked "CLOSED."


BY THE COURT:



/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

14