IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN MASSIE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-1004 |
| | ) |
| U.S. DEPARTMENT OF HOUSING and URBAN | ) |
| DEVELOPMENT, and its Secretary, ALPHONSO | ) |
| JACKSON, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

---

**MEMORANDUM OPINION and ORDER**

On January 19, 2007, I entered an Opinion and Order of Court dismissing Plaintiffs' Complaint in its entirety. (Docket No. 33).  Plaintiffs' request that I reconsider the dismissal.  (Docket No. 34).  Specifically, Plaintiffs request that I reconsider the following rulings: 1) Plaintiffs have failed to state a claim for a violation of 109 P.L. 115 §311 (Count IV); 2) This Court does not have jurisdiction over Plaintiffs' claim that HUD failed to follow its own regulations; and 3) This Court does not have jurisdiction to review Plaintiffs' due process claim (Count XVI). *Id.*  In the alternative, Plaintiffs request that I reconsider the dismissal of their 109 P.L. 115 §311 claim  without permitting a curative amendment.  *Id.*  Defendants have filed a response thereto.  (Docket No. 37).  Plaintiffs sought leave to file a Reply Brief. (Docket No. 38).  I granted the same.  (Docket No. 39).  The issues are now ripe for

1

review.

To grant a motion for reconsideration, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a manifest injustice stemming from a clear error of law or fact. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999); *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

> Where the moving party argues that the court overlooked certain evidence or controlling decisions of law which were previously presented, a court should grant a motion for reconsideration only if the matters overlooked might reasonably have resulted in a different conclusion. *Cataldo v. Moses*, 361 F.Supp.2d 420, 433 (D. N.J. 2004). A mere disagreement with the decision does not suffice to show that the court overlooked relevant facts or controlling law. *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D. N.J. 1999). Nor may a motion for reconsideration be used to present new legal theories or arguments which could have been made in support of the first motion. *Federico v. Charterers Mut. Assur. Ass'n*, 158 F.Supp.2d 565, 578 (E.D. Pa. 2001).

> Where the basis of the motion for reconsideration is to correct a manifest injustice, the party must persuade the court that not only was the prior decision wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir.1998); *McCloud v. City of Sunbury*, CA No. 04-2332, 2006 U.S. Dist. LEXIS 16560, *4 (M.D. Pa. Apr. 3, 2006). "Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re Loewen Group*, CA No. 98-6740, 2006 U.S. Dist. LEXIS 200, *4-*5 (E.D.Pa. Jan. 5, 2006), *quoting Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D.Pa.1992). "A district court has considerable discretion in deciding whether to grant or deny a motion

2

> to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th
> Cir.1995). In exercising this discretion, a district court must
> "strike the proper balance between the need for finality
> and the need to render just decisions on the basis of all
> the facts." *Id.*

*Payne v. DeLuca* , No. 2:02-CV-1927, 2006 WL 3590014, *1 -2  (W.D. Pa. Dec. 11, 2006).

With regard to the first argument raised by Plaintiffs, Defendants acknowledge that they  incorrectly misstated HUD's position regarding the applicability of §311 to the disposition of HUD held mortgages.  (Docket No. 37, p. 5, n. 4).  "At the time this argument was included in HUD's brief, counsel for HUD did not know that HUD Office of Multifamily Housing Programs had determined that it would comply with §311 in its disposition of both multifamily properties that the Secretary owns *and multifamily mortgages that the Secretary holds.*"  (Docket No. 37, p. 5, n. 4)(emphasis added).  The reasoning for my opinion was based on this incorrect statement.  As a result, I grant Plaintiffs' Motion to Reconsider with respect to §311 and vacate the  prior Order of January 19, 2007 (Docket No. 33), to the extent it relates to §311.

This does not end the inquiry, however.  In its original Motion to Dismiss, Defendants argued a second reason for the dismissal of  Plaintiffs' cause of action for violation of 109 P.L. 115 §311 (Count IV).  (Docket No. 14, p. 18).  I did not consider this argument because I dismissed the claim based on Defendants first argument. Since I am vacating that portion of my Order, I will now consider the second argument.

Section 311 provides, in pertinent part, as follows:

3

> Notwithstanding any other provision of law, in fiscal year 2006, in managing and disposing of any multifamily property that is owned or held by the Secretary of Housing and Urban Development, the Secretary shall maintain any rental assistance payments under section 8 of the United States Housing Act of 1937 that are *attached to any dwelling units in the property*....

119 Stat 2396, 109 P.L. 115 §311.  Defendants argue that Count IV should be dismissed because it is impossible to maintain Section 8 rental assistance payments "attached to dwelling units in the property" due to the fact that under the Notice of Abatement no rental assistance payments have been attached to the units for almost two years.  (Docket No. 14, p. 18 and Ex. 15).  Exhibit 15 is titled "Notice of *Abatement/Suspension* of Housing Assistance Payments (HAP) Contract." (Docket No. 14, Ex. 15. p. 1)(emphasis added).  Therein, HUD states that "[e]ffective this date (November 10, 2004), the Section 8 subsidy payments for all units covered by the HAP Contract for the Project are hereby suspended (abated) pursuant to Section 2.7[1] of the HAP Contract and 24 CFR 886.123(d).[2]    Thus, Defendants argue that there were

---

[1]The HAP Contract provides as follows:

(2)  Housing assistance payments shall only be paid to the Owner for contract units occupied by eligible families leasing decent, safe and sanitary units from the Owner in accordance with statutory requirements, and with all HUD regulations and other requirements. If the Contract Administrator determines that the Owner has failed to maintain one or more contract units in decent, safe and sanitary condition, and has abated housing assistance payments to the owner for such units, the Contract Administrator may use amounts otherwise payable to the Owner pursuant to the Renewal Contract for the purpose of relocating or rehousing assisted residents in other housing.

Docket No. 14, Ex. 3, p. 4, section 4(d)(2).

[2]24 CFR 886.123(d) provides as follows: "(d) Units not Decent, Safe, and Sanitary. If HUD notifies the Owner that he has failed to maintain a dwelling unit in Decent, Safe, and Sanitary condition and the Owner fails to take corrective action within the time prescribed in the notice, HUD may exercise any

no rental assistance payments attached to the units since 2004.

In opposition, Plaintiffs argue that based on the "Notice of Abatement/Suspension" the HAP contract was suspended, such that the subsidy was never terminated and, therefore, the rental assistance payments remained attached to the units at foreclosure for purposes of §311.  (Docket No. 38, Part 3, pp. 1-2).  In further support of their position, Plaintiffs cite to a letter from HUD dated February 10, 2005, which provided in pertinent part as follows: "Tenants currently receiving project based rental assistance will receive assistance under the Section 8 Housing Voucher program...."  (Docket No. 14, Ex. 18, p. 1).  From this, one can infer that rental assistance payments were still being made after the November 10, 2004, abatement/suspension date.  Thus, it is logical to then infer that the rental assistance payments were suspended, as opposed to completely abated, such that they were still "attached"[3] to some of the dwelling units.  Consequently, a dismissal of this claim at this juncture is not warranted.

With regard to the second issue raised by Plaintiffs in their Motion for Reconsideration, Plaintiffs suggest that I reconsider my ruling that I do not have jurisdiction to rule on HUD's alleged failure to follow its own regulations based on

---

of its rights or remedies under the Contract, including abatement of housing assistance payments, even if the Family continues to occupy the unit."

[3]The term "attached" is not defined in 109 P.L. 115.  The parties do not provide any case law interpreting the language of §311, nor did this Court's search reveal any case law interpreting §311.  Where a statute does not define a relevant term, as is the case here, a court looks to its ordinary meaning.  see e.g. Rousey v. Jacoway, 544 U.S. 320, 326 (2005). This may include the use of dictionary definitions.  Id. The Random House College Dictionary, Revised Edition, defines the word, "attach" as "to fasten or affix; join; connect."

a manifest injustice.  (Docket No. 35, pp. 5-7; Docket No. 38, pp. 2-3).  After consideration of the same, I agree.  Consequently, I grant Plaintiffs' Motion for Reconsideration in this regard.  Upon further consideration, I find that this Court does have jurisdiction to review Plaintiffs' claim that HUD failed to follow its own regulations.  *See, Service v. Dulles,* 354 U.S. 363, 371-72 (1957)(though statute granted agency "absolute discretion" regarding employee discharge decisions, agency must still comply with its own regulations, and court has jurisdiction to consider claims that it did not do so; so claim not  barred by sovereign immunity); *Stehney v. Perry*, 101 F.3d 925 (3d Cir. 1996)(*citing Service*, with approval).  Therefore, I vacate my prior Order of January 19, 2007 (Docket No. 33), to the extent it relates to jurisdiction to review Plaintiffs' claim that HUD failed to follow its own regulations.

In opposition, Defendants argue that there is no notice in the Complaint that HUD is being sued for failing to follow its own regulations.  Federal pleading requirements proceed under the notice pleading standard.  *See,* Fed.R.Civ.P. 8(a). After a review of the Complaint, I disagree with Defendants that they are not on notice.  *See,* Docket No. 1.  Consequently, I find no merit to this argument.

With regard to the third issue, Plaintiffs argue that the Order with regard to Plaintiffs' due process claim (Count XVI) should be reconsidered based on manifest injustice.  (Docket No. 35, p. 7-13; Docket No. 38, pp. 3-5).  In opposition, Defendants argue that Plaintiffs' argument is circular and does not warrant reconsideration because it does not advance any new legal theory or argument.  (Docket No. 37, pp. 4-5).  After consideration of the same, I agree with Plaintiff that a manifest injustice

6

would occur.  Accordingly, I grant Plaintiffs' Motion for Reconsideration in this regard.  Upon further consideration, I find I do have jurisdiction to review Plaintiffs constitutional due process claim.  *See, Webster v. Doe,* 486 U.S. 592, 603 (1988); *Stehney,* 101 F.3d at 934 ("the federal court may still consider constitutional challenges arising from the exercise of discretion, at least absent clear congressional intent to preclude such review").  Furthermore, I find that the Complaint sufficiently alleges a due process claim.[4]  Therefore, I vacate my prior Order of January 19, 2007 (Docket No. 33), to the extent it relates to my jurisdiction over Plaintiffs' due process claim (Count XVI), and Defendants' Motion to Dismiss the same is denied.[5]

THEREFORE, this **1st** day of March, 2007, after consideration of Plaintiffs' Motion for Reconsideration (Docket No. 34), it is ordered as follows:

1. Plaintiffs' Motion to Reconsider with respect to §311 is granted and the Order of January 19, 2007 (Docket No. 33) is vacated with respected to §311 and Defendants' Motion to Dismiss Count IV relating to §311 is denied;

2. Plaintiffs' Motion to Reconsider jurisdiction as it relates to Plaintiffs' claim that HUD failed to follow its own regulations is granted, and the Order of January 19, 2007 (Docket No. 33) is vacated with respected to the same such that this Court has

---

[4] In a footnote, Defendants further argue that Plaintiffs do not have standing because they were not the party to the "applicable mortgage documents."  (Docket No. 37, p. 4 n. 2; Docket No. 30, p. 10 n. 4).  Defendants do not cite to any case law or develop this argument properly.  Therefore, I decline to consider the issue of standing.  I note, however, that in opposition to this argument Plaintiffs argue that they are third party beneficiaries and are entitled to the property interests arising out of the contractual documents.  (Docket No. 38, p. 3, n.3, *citing,* Docket No. 14, Ex. 5, p. 29 ¶15).

[5] A point of clarification:  Plaintiffs further argue, in essence, that I misconstrued the claims raised by Plaintiffs.  (Docket No. 35, p. 8).  Specifically, Plaintiffs contend that I relied on Defendants' characterizations of Plaintiffs' due process claims as stemming from the Foreclosure Act and the regulation implementing the same.  *Id.*  Plaintiff is incorrect that I relied on Defendants' characterization of Plaintiffs' due process claim.  To the contrary, I relied on Plaintiffs' Brief in Opposition to the Motion to Dismiss and the Complaint.  *See,* Docket No. 33, p. 11, *citing,* Docket No. 22, p. 16; *see also,* Docket No. 1, ¶¶34n, 142.

jurisdiction over Plaintiffs' claim that HUD failed to follow its own regulations; and

3.  Plaintiffs' Motion to Reconsider jurisdiction as it relates to Plaintiffs' due process claim is granted and the Order of January 19, 2007 (Docket No. 33) is vacated with respect to the same such that this Court has jurisdiction over Plaintiffs' due process claim; and, Defendants' Motion to Dismiss the same is denied.

The Clerk of Courts is directed to reopen the case.

An initial status conference for the above case is set for Friday, March 9, 2007, before the undersigned in Suite 3280, Third Floor, U.S. Post Office & Courthouse. Counsel shall have settlement authority and parties are to be available by telephone. Position letters are to be faxed three (3) days before the conference.  The parties shall also confer as necessary and file with the Clerk of Court a report and the ADR stipulation prior to Rule 16 Scheduling Conference.  (The Rule 26(f) report and the ADR Stipulation must contain the information located on the Court's Website under ADR Program Information and the revised Local Rule 16.2).

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

8