# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN MASSIE, et al., | ) |
| Plaintiffs | ) |
| vs. | ) Civil Action No. 06-1004 |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and ALPHONSO JACKSON, SECRETARY, | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge

## OPINION AND ORDER

Currently before this Court is Plaintiffs' motion for reconsideration of my September 26, 2008 Order granting Defendant's motion for summary judgment and denying Plaintiffs' motion for summary judgment. (See docket entry no. 132). Defendant has submitted a response to Plaintiffs' motion for reconsideration, and the motion for reconsideration is now ripe for decision. Upon analysis and consideration of each submission, and as set forth in my brief Opinion below, I am denying the Plaintiffs' motion for reconsideration.

### II. Standard of Review

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also, Drake v. Steamfitters Local Union No. 420*, 1998 U.S. Dist. LEXIS 13791, No. CIV.A97-CV-585, 1998 WL 564886, at *3 (E.D. Pa. Sept. 3, 1998). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change

1

in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *See, Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion. *See Vaidya v. Xerox Corp.*, 1997 U.S. Dist. LEXIS 18548, No. CIV.A.97-547, 1997 WL 732464, at *2 (E.D. Pa. Nov. 25, 1997). A motion for reconsideration should not ask the court to rethink a decision that it has already made. *Tobin v. GE*, No. Civ. A. 95-4003, 1998 WL 31875, at *2, 1998 U.S. Dist. LEXIS 693, at *4 (E.D. Pa. Jan. 27, 1998).

### III. Discussion

Plaintiffs suggest that I reconsider my "findings and conclusions" with respect to six points, but they fail to explain how any of their six points relate to any one of the three legal standards described above. I note that Plaintiffs argued no intervening change in the law, no new evidence that was previously unavailable, and no clear error of law requiring me to reconsider or correct my prior decision in order to prevent manifest injustice from occurring with respect to any of their six points.

Moreover, the arguments raised by Plaintiffs in their motion for reconsideration tend to rehash issues and evidence which they previously discussed in their original motion for summary judgment and/or in their response to Defendants' motion for summary judgment. Thus, these arguments fail to provide an adequate legal basis for granting their reconsideration motion.

However, I will address argument "IV." of Plaintiffs' motion for reconsideration which mischaracterizes one of my prior court orders. In my March 1, 2007 opinion and order, which granted Plaintiffs' reconsideration motion and reversed my prior position on Defendants' motion to

dismiss thereby enabling Plaintiffs to proceed with this case, I stated:

> In further support of their position, Plaintiffs cite to a letter from HUD dated February 10, 2005, which provided in pertinent part as follows: "Tenants currently receiving project based rental assistance will receive assistance under the Section 8 Housing Voucher program...." (Docket No. 14, Ex. 18, p. 1). From this, one can infer that rental assistance payments were still being made after the November 10, 2004, abatement/suspension date. Thus, it is logical to then infer that the rental assistance payments were suspended, as opposed to completely abated, such that they were still "attached" to some of the dwelling units. Consequently, a dismissal of this claim **at this juncture** is not warranted.

(*See*, Docket entry no. 40, page 5, emphasis added).

Subsequent to issuing the March 1, 2007 opinion and order quoted above, Defendants filed the administrative record as well as a supplement to it. (See docket entry nos. 87, 96 and 99). Then, each of the parties filed a motion for summary judgment, a brief in support of their respective motions and a "concise" statement of facts. They responded to each other's motions, and statements of facts and they filed reply briefs in defense of their own positions. Plaintiffs attached documents as appendices to their concise statement of facts, and to their response to Defendants' concise statement of facts, as well as to this motion for reconsideration. Based on the thousands of pages of documentation I reviewed – some of which I specifically referenced in great detail my September 26, 2008 opinion and order – the evidence of record clearly and unequivocally shows that **all** rental assistance payments were abated as of November 10, 2004. Accordingly, a dismissal of the claim was warranted as set forth in greater detail in my September 26, 2008 opinion and order.

Therefore, since Plaintiffs have failed to raise any cognizable legal argument applying the standard of review for a motion for reconsideration, I will deny Plaintiffs' motion for reconsideration.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN MASSIE, et al., )<br>)<br>Plaintiffs )<br>)<br>vs. )<br>)<br>U.S. DEPARTMENT OF HOUSING )<br>AND URBAN DEVELOPMENT, et al., )<br>)<br>Defendants. ) | Civil Action No. 06-1004 |

AMBROSE, Chief District Judge

# **ORDER**

AND now, this 31st day of October, 2008, for the reasons set forth in the accompanying Opinion, it is hereby ordered that Plaintiffs' Motion for Reconsideration [Docket Entry No. 132] is denied.

                                              BY THE COURT:

                                              s/ <u>Donetta W. Ambrose</u>
                                              Donetta W. Ambrose,
                                              Chief U.S. District Judge