## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN MASSIE et al., <br> Plaintiffs, <br> v. <br> U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., <br> Defendants. | Civil Action No. 06-1004 <br><br> Class Action <br><br> Ambrose, U.S. District Judge |

### ORDER

AND NOW, this 29th day of Nov., 2011, upon consideration of the Parties' Joint Motion for Preliminary and Final Approval of a Consent Order (Document 165) and pursuant to this Court's Order of Aug. 30, 2011 preliminarily approving settlement of this matter as set forth herein, there having been no objection by plaintiff class members made to this Court, it is hereby ORDERED as follows:

1. In accordance with the Third Circuit's directive in <u>Massie, et al. v. HUD et al.</u>, 620 F.3d 340 (3d Cir. 2010), HUD has reinstated a Housing Assistance Payments (HAP) contract for 140 units that had been at the former site of Third East Hills Park. This HAP contract expires on May 1, 2028.

2. Defendants shall pay to the Plaintiff class, care of Plaintiff Class Counsel, within ninety (90) days a sum equaling $416,000 ("Settlement Amount"), to be distributed by Plaintiff Class Counsel equally among Plaintiff class members, as defined in this Court's October 1, 2007 class certification Order (Document No. 82). This sum represents relocation assistance under the Uniform Relocation Act claimed by the Plaintiffs to have been unlawfully withheld by Defendants when class members were displaced from Third East Hills Park. Solely for the purposes of this litigation, the Department of Housing and Urban Development (HUD) will consider the payments made to each class member to be in settlement of personal or property

losses as referred to in 24 C.F.R. § 5.609(c)(3), and hence shall not require those payments to be included in the annual income of any of the class members or their families in considering eligibility for HUD program requirements.

3. In the event any payment required under Paragraph two (2) is not claimed by a class member within ninety (90) days of service of a claim form to be served by Plaintiffs' counsel following the issuance of this Order, such payment shall be redistributed equally among the remaining class members. A claim by a class member shall be sufficient if it is made under oath in writing on a notarized claim form. Service shall be made by certified mail, return receipt requested, and first class mail if the receipt is not returned. Plaintiff class counsel shall make a reasonable effort to locate each class member not reached through their last known address.

4. The Plaintiffs are prevailing parties within the meaning of the Equal Access to Justice Act, 28 U.S.C.A. § 2412. As such, Defendants shall pay to Plaintiff class counsel, Community Justice Project, within ninety (90) days a sum equaling their reasonable attorneys' fees and costs, which the parties have stipulated is $298,000.

5. The Court has inherent jurisdiction to enforce this Order, as necessary.


BY THE COURT:

_____
Donetta W. Ambrose,
U.S. District Judge
Western District of Pennsylvania